UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 16-cv-02913-SI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11 |

Defendant's motion for judgment on the pleadings is scheduled for a hearing on October 7, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS leave to amend the complaint. **The amended complaint must be filed no later than October 14, 2016.**

**BACKGROUND**

Plaintiff, who is acting *in pro per*, filed this case against the City and County of San Francisco on February 26, 2015, in the Superior Court of California in the County of San Francisco. Dkt. No. 1-1. The original complaint, which was a state form complaint, alleged claims for wrongful termination and intentional infliction of emotional distress. In an attachment to the original complaint, plaintiff alleged that he was "wrongfully terminated because he filed a California worker's compensation claim after being wounded by a 22 caliber rifle while working for the City and County of San Francisco, California on 6-17-2011."

On September 4, 2015, the City filed a demurrer to plaintiff's complaint, and on January 6, 2016, the state court sustained the City's demurrer without leave to amend. Dkt. Nos. 1-2, 1-6. On

March 15, 2016, the City filed an ex parte application for entry of judgment. Dkt. No. 1-8. The court denied the City's application, and instead granted plaintiff leave to amend his complaint.

On April 20, 2016, plaintiff filed a first amended complaint ("FAC") alleging a claim under the Americans with Disabilities Act. Dkt. No. 1-17. On May 31, 2016, the City filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1. Now before the Court is defendant's motion for judgment on the pleadings.

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.*

Motions under Rule 12(c) are "functionally identical" to motions under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, to survive a motion for judgment on the pleadings, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and

matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges*, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant argues that the FAC fails to state a claim under the Americans with Disabilities Act because the FAC does not allege any facts in support of that claim. In response, plaintiff asserts that the FAC meets federal pleading standards and that defendant is aware of the underlying facts in this case. Plaintiff's opposition also includes some facts that are not contained in the FAC, including the allegation that plaintiff was shot while performing work as a painter for the City and that he was then diagnosed with posttraumatic stress disorder. Plaintiff's opposition also alleges that plaintiff lost his job "as a result of this work-related injury." Dkt. No. 24 at 3.

The Court concludes that the FAC fails to state a claim under the Americans with Disabilities Act. The FAC is a state form complaint that contains no attachments or statement of facts in support of plaintiff's claim. The FAC does not allege how the City violated the ADA (or any other law). Although plaintiff includes some facts in his opposition to defendant's motion, the Court's review is limited to the face of the complaint. Moreover, the facts included in the opposition are, on their own, insufficient to state a claim because plaintiff does not allege what the City did to violate the law.

In light of plaintiff's *pro se* status, the Court will grant plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, plaintiff must set forth the following in the amended complaint: (1) the specific actions by the City that plaintiff is challenging; (2) the dates those actions occurred; (3) the legal basis for each claim (for example, plaintiff must identify the statute that is the basis of his claim); and (4) the facts in support of each claim.

For assistance in complying with this order, plaintiff may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting their case. This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants— by calling (415) 782-8982 to make an appointment to have any remaining questions answered.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend the complaint. **The amended complaint must be filed no later than October 14, 2016.**

**IT IS SO ORDERED**.

Dated: September 27, 2016

SUSAN ILLSTON
United States District Judge